# MULDROW v. NORRIS.

The rule is general that arbitrators must pass upon all matters submitted, or their award will be invalid. If several matters are specified in the submission, and the award does not disclose that each is determined, it is defective on its face, and can be set aside on motion. But if the submission is general, of all matters in controversy, without specification it is not necessary that the award should embrace any matters except those which are laid before the arbitrators. These last, however, must be passed upon, or the award will be void *in toto*, and be set aside upon a proper showing of the omission.

If the submission provide that an award upon the matters submitted be made, or the condition of the bond be that the parties are bound, provided the award of such matters be made, then such proviso extends to *all* the matters submitted, and operates to render the submission conditional, and the award binding only in case the arbitrators pass upon every subject, either specifically referred to them, or brought to their notice under the general terms of the submission.

Where one of the principal matters in dispute, passed upon by the arbitrators, was subsequently set aside by a higher Court, and the judgment rendered upon the award vacated by reason of the error of the arbitrators in passing upon said matter, it left the award as though such item submitted had never been passed upon, and consequently the award did not effect the purposes of the submission by settling all matters of controversy between the parties. The consideration which moved the parties to enter into the submission had failed, and hence the award is void.

The award being void, a release of action, filed by one of the parties in pursuance of the submission, is also void.

A useless and invalid determination upon one item properly presented within the general terms of the submission, must, on principle, be as fatal to the entire action of the arbitrators as an omission intentional, or unintentional, to notice the item at all.

The doctrine that an award may be good in part and bad in part applies to instances where there has been an excess of power in the arbitrators by their attempting to determine matters not submitted, or where there is uncertainty or illegality in an independent and distinct matter forming no consideration for other parts of the award, and the settlement of which could not have contributed to induce the arbitration.

APPEAL from the Eleventh District, County of Yolo.

This was an action brought upon an award and agreement of the parties, submitting certain matters of difference between them to arbitration. The agreement of submission is as follows:

" Whereas various matters of difference have for a long time existed

between the undersigned, which, for the purpose of having the same speedily and properly adjusted, they desire to submit to the judgment and decision of disinterested persons, to be selected by the parties hereto—therefore, we hereby agree to submit to Thomas J. White, Charles Horner and William McDaniel, all matters of difference, suits, actions or causes of actions, now existing or pending between us, which arose or accrued to either of us at any time before the first day of December last past, to determine the same ; and we do further agree, that the award of the said Thomas J. White, Charles Horner and William McDaniel, or of any two of them, upon the matter hereinbefore submitted, shall be final and conclusive between us, and that we will abide the same ; and we hereby constitute the said Thomas J. White, Charles Horner and William McDaniel, or either of them, our attorney or attorneys, to confess at any regular term of the District Court of the Sixth Judicial District in and for Sacramento county, or other Court having jurisdiction of the same, a judgment against us or either of us, in accordance with the terms of said award.   And we further agree, that upon such judgment being rendered, we will take no appeal from the same, nor sue out any writ of error, *certiorari*, or other writs, for the purpose of carrying the same to a higher Court, or for the purpose of staying or preventing the issue of execution therefor.   The authority hereinbefore conferred to confess judgment upon said award, is intended to be irrevocable, *provided* an award be made as aforesaid by or before the first day of April next.

" The said Thomas J. White, Charles Horner and William McDaniel, or any two of them, shall have power, etc.   (Here follows a clause for the payment of the costs attending the arbitration and costs of suits now pending, etc.)

" This submission is intended to embrace all actions or suits upon which judgment may have been heretofore entered, as well as actions and suits now pending, and causes of actions and other matters of difference.   All actions or suits now pending on appeal taken, shall be dismissed upon the making of said award, or at any regular term of the Court or Courts in which the same may be ·pending, after the making of the same, upon the motion of either party hereto, and shall not, in the meantime, be prosecuted ; nor shall any writ be sued out, or other

Muldrow v. Norris.

proceeding instituted, in the meantime, for the purpose of carrying said judgment to an Appellate Court, or for the purpose of reversing or modifying the same, nor for any other purpose; nor shall execution in the meantime be sued out on the same.

" Witness our hands and seals, this fourteenth day of February, A. D. 1851.

" SAMUEL NORRIS,      [L. S.]
" WILLIAM MULDROW,   [L. S.]"

Before the first of April, the arbitrators made an award upon all topics of controversy between the parties, in which they directed Norris to pay to Muldrow the sum of $23,500, and by virtue of the authority contained in the submission, confessed a judgment for that amount in favor of Muldrow and against Norris in the District Court for Sacramento county. Norris subsequently moved the District Court to set aside this judgment. The motion was overruled, and Norris appealed therefrom to the Supreme Court. (See 2 Cal. Rep., p. 74.) The Supreme Court reversed the ruling of the District Court, and vacated the judgment, upon grounds which appear in the opinion of the Court in this case. Thereupon Muldrow brought this action.

Upon the trial in the Court below the plaintiff introduced the submission, the award, the bond, and a release from plaintiff to defendant, releasing all actions, demands, etc. The defendant gave in evidence the judgment of the Supreme Court setting aside the judgment confessed on the award.

The case was tried in the Court below, without a jury, and judgment rendered in favor of the plaintiff for $10,000. Norris moved the Court for a new trial, which motion was overruled, and he appealed to this Court.

*Robinson, Beatty & Botts* for Appellant.

The appellant insists that there was no award made by the arbitrators binding on him in law.

That an award of arbitrators decides the right of parties as effectually as a judgment at law, or a decree in chancery, and is as binding, is not denied. But their conclusiveness must be understood with the

qualification that the award was a valid and binding one ; or, in other words, the arbitrators must have jurisdiction.    Tevis *ex rel.* v. Tevis *ex rel.*, 4th Monroe, 46, 47.

The arbitrators acquire their jurisdiction, or power of deciding, from the agreement to submit; and the authority conferred and the duty imposed by the submission must be observed.    It is that which gives jurisdiction.    Jackson v. Hunt, 6th Johns. 14 ; Harrington v. Rich, 6th Vermont Rep. 666, 672 ; 2d Cowen & Hill's Notes, 223.

What were the various matters of controversy, litigation, etc., submitted to the arbitrators, we have no means of knowing.    But this we do know from the award itself, as reported by the arbitrators, upon the presumption heretofore stated, that three subjects of controversy were submitted to them, namely :

The claim for damages growing out of a breach of a lease.

The claim for damages for the refusal of Norris to furnish thirty head of cows with calves.

The claim set up by Muldrow for Norris's interference with the ferry.

On each and all of these the award finds against Norris, and orders him to pay to Muldrow the sum of $23,500, to wit : $4,000 for the cows, $6,000 for the ferry, and $13,500 for the land ; and for this sum judgment was confessed by the arbitrators.    But this judgment was set aside by this Court because the award was contrary to law, or the finding not sustained by the facts.    The arbitrators, therefore, had no authority under the submission and the law to confess such judgment.    But by the terms of the submission, whatever award was made, a judgment could be confessed for.    If the judgment confessed was held to be invalid, the award must also be invalid ; particularly as the judgment was set aside for defects in the award.

If it is answered to this, however, that inasmuch as the decision of this Court vacated the judgment confessed because of error in the arbitrators, on one portion only of the award, and on one of the subjects submitted to them, and that the award shall stand good for all the rest, we reply :

" It is conceded that an award may be good in part and bad in part. But this doctrine applies only where the submission is of particular sub-

jects, and the award covers those and other subjects, and there is no connection between the two classes of subjects, and they are in nowise dependent on each other, it will be enforced as to these within the submission, and held void as to the others." It is purely a question of authority or power, "if that which is void affects not the merits of the submission the residue shall be held valid." 1 Wend. 326; 13 Johns. 264; 2d Cow. 638.

The arbitrators had no authority to decide any controversy unless they decided all the controversies. If any one was omitted that was presented to their attention, their power failed; or if they acted on any one in any manner whatever, so that their action was useless, or invalid, or wrong, their whole award must fail; because the submission embraced all matters of dispute, and the omission to render a valid award as to any one of them, or their improperly deciding any of them, so as to leave it open for future contest and litigation, "affected the merits of the submission." To omit a duty is as much an error as to usurp a power. Nay, more so, for the omission of the duty renders the whole award void, while the decision of a subject not submitted avoids it only *pro tanto.* Randall *v.* Randall, 7 East. 81, 83; Wright *v.* Wright, 5 Cowen, 197; Karthans *v.* Ferrer, 1 Peters, 222; Melchel *v.* Stavely, 13 East. 58; George *v.* Lansely, 8 East. 13; Emery *v.* Hitchcocke, 12 Wend. 156.

*P. L. Edwards* for Respondent.

I. In opposition to the views expressed by the counsel for the appellant, we maintain, that in the legal sense, and within the meaning of the submission, all matters in difference between the parties were passed upon and decided by the arbitrators. That one item or demand was allowed, to which the respondent was not entitled, either legally or equitably, cannot affect the legal conclusion. The damages allowed for this item, according to the decision cited, were not allowable either at law or in equity. They were not, within the meaning of the submission, a subject of controversy or difference either in a Court of law or equity. Such was the opinion of the Court below in the present case.

In Randall *v.* Randall, 17 East. 79, cited by the counsel, there was in the submission a clause *ita quod,* all matters in difference should be

decided by a certain day. That case differs from the present; for here there is no condition except as to the time within which the award should be made. All matters of difference were submitted; but still the award might be good in part, although bad in another part, provided that the award should be made within the time limited. The submission was not *ita quod* all matters in difference should be decided, but *ita quod* a decision should be made before the time limited.

In Mitchell v. Slavel, 16 East. 58, as cited by the learned counsel, Lord Ellenborough said, " That the arbitrators were called upon to act in a matter in controversy, and have not acted. The award is, therefore, not final; but there is no award at all respecting a matter of difference which is stated to have *been notified* to the arbitrators. It was a condition of the submission that they were to arbitrate upon all matters in difference, etc."

Now, is not that case broadly distinguishable from the present? Here no matter of difference was notified to the arbitrators, upon which they refused or failed to act. They passed upon all differences brought to their notice; and the gravamen of the objection on the part of the appellant is, that according to the opinion of this Court already cited, they went further and allowed damages upon a demand neither legal nor equitable, and for which there could rightfully be no recovery either legal or equitable. As far as the arbitrators could act, they did so. Their award is good to the extent of the legitimate demands of the parties, and beyond this it is only void.

Although an award ought to decide on all the questions contained in the submission, still, to avoid it for want of such decision, it should appear that such questions were " actually in controversy between the parties." And " where part of an award is void by reason of the arbitrator having exceeded his power, it does not vitiate the residue." Jackson v. Van Allen et al., 14 John. R. 96.

In opposition to the counsel, we insist that there is here no remaining subject of controversy. All is ended upon the payment of the judgment under review; that which is supposed to remain as a subject of difference is only hypothetical, imaginary! According to the highest judicial authority of the State, it never was, and never can be, the subject of a legal or equitable recovery. It, then, was a myth, intan-

gible and unavailable, and so now and forever remains! It is, therefore, no subject or matter of difference within the legal intent and meaning of the submission!

II. Having noticed the principal points made by the counsel, we proceed to fortify the case of the respondent by other responsive considerations and authorities:

1. The appellant has uninterruptedly retained and enjoyed all the benefits of the submission and award on his part. These are the facts, and it is so to be held, for there is not a pretense to the contrary to be found in the pleadings or evidence. If such had not been the facts, the appellant should have shown to the contrary. The law is, that "If one of the parties to an *unauthorized* award perform it on his part, and the other party accepts such performance, the latter thereby ratifies the award." "Acts of arbitrators may be ratified." Culver *v.* Ashley, 19 Pick. R. 300. Here the whole award of money was against the appellant, he having every other subject of difference in his own possession. Shall he now, after the lapse of years, and after the intervention of the Statute of Limitations, be allowed to hold all the property which was the subject of the differences, and yet avoid the whole award? Can he be allowed to hold all the advantages of the submission and award on his part, and yet avoid their force and effect so far as it is against himself?

2. The true question is, whether the powers of the arbitrators were wholly conditional, or whether, all matters being submitted, it was made a condition that all matters of difference should be ended by them?

"The question, therefore, is reduced to this: Whether, under the reference, (arbitration) it is necessary to the validity of any award to be made pursuant to it, that it should decide all matters in dispute? And this is a mere question of construction, for there is no rule of law requiring it; its necessity arises from the contract of the parties. The old rule was, that unless the submission expressly made it conditional with an *ita quod*, an award of a part only was good, etc." Wrightson *v.* Beywater, 3 Exch. R. 199. And if the matters omitted are "not necessarily dependent upon and connected with the other points, the award should be sustained." *Ib.*

3. In Birks *v.* Trippet, 1 Sanders' Rep. 32, which has always been regarded as a leading case, it was held, that even admitting " that a submission has been conditional with an *ita quod,* yet this is a good award, for he hath awarded general releases from both parties; and although the defendant had notified his debt to the arbitrator, yet the arbitrator was not bound to allow it," etc.   " And here he has given his judgment that the plaintiff should be released by the defendant; and so he has made his award thereof, and of all differences whatsoever."

Afterwards, Lord Tenderden said he was glad that the case of Birks *v.* Trippet enabled him " to give judgment in favor of the plaintiff" ; and the whole Court held, that the arbitrators, " by having awarded mutual and general releases, must be deemed to have adjudged and finally decided upon the matters in those pleas respectively mentioned, and the *general release* would be an answer to any actions or claims founded upon them," etc.   Wharton *v.* King, 22 Eng. Com. L. R. 223.

So, again, " where all matters in difference are referred to an arbitrator, an award directing the execution of general releases closes all accounts between the parties up to the time of the submission."   Trimingham *v.* Trimingham, 30 Eng. Com. L. R. 604.

The reason of the rule requiring a decision of all matters in difference is, that if either party cannot have the advantages of the award by reason of its nullity, then the other should not have the advantages on his part; and the award must be held void in the whole.   2 Sanders' R. 293, notes.

FIELD, J., delivered the opinion of the Court — BALDWIN, J., concurring.

The submission of the parties embraces all matters of controversy existing between them, previous to December, 1850.   What those matters were the submission does not state ; it only recites that they were various, and that the agreement was entered into " for the purpose of having the same speedily and properly adjusted."   From its language it must be inferred that the parties stipulated to withdraw their several matters of difference from the consideration of the ordinary tribunals, upon the condition that they should be all adjusted and

settled by Judges of their own selection, and full peace be thus obtained, and not mere partial freedom from litigation.

The rule is general, that arbitrators must pass upon all matters submitted, or their award will be invalid.   If several matters are specified in the submission, and the award does not disclose that each is determined, it is defective on its face, and can be set aside on motion.   But if the submission is general, of all matters in controversy, without specification it is not necessary that the award should embrace any matters except those which are laid before the arbitrators.   These last, however, must be passed upon, or the award will be void *in toto*, and be set aside upon a proper showing of the omission.   The authorities to this effect are numerous and decisive.   Thus, in Randall *v.* Randall, 7 East. 81, the submission embraced three subjects : one to determine all actions between the parties ; another to fix the value to be put upon hop poles and potatoes in certain land ; and the third, to ascertain the rent to be paid for other land.   The arbitrators made their award upon the first two subjects, but omitted to notice the last, and the Court held that the whole award was vitiated by the omission.   " The authority," said Ellenborough, C. J., given to the arbitrators, was conditioned, *ita quod* they should arbitrate upon these matters by a certain day.   If, then, they fail as to one of them, the condition has not been performed upon which the award was to have its obligatory effect ; and here they have stopped short, and have omitted to settle one of the subjects of difference which was stipulated for.   This is not like the case where an award, being good in part and bad in part, the good part shall not be vitiated by the arbitrator having also directed something to be done which is superfluous and bad.   But here the very condition on which the parties submitted to the award has failed."   And in the same case, Le Blanc, J., said : " The contract of the parties is in effect this—One says that he will submit to the arbitrators to ascertain what he is to pay for the hop poles, etc., upon condition that it shall also be referred to them to decide what rent is to be paid for certain land.   And he may fairly have said that unless both those matters of difference were referred he would not refer either of them singly.   If, then, the arbitrators omit to decide one of them, the condition fails on which the reference was agreed to."

In Mitchell *a.* Stavely, 16 East. 58, to the action on an arbitration bond the defendant pleaded, among other things, that a certain matter of difference between the parties was laid before the arbitrators, but was not included in their award, and the Court held the plea good. The submission was of all matters in difference, and Ellenborough, C. J., said : " The award, therefore, is not only not final, but there is no award at all respecting one of the matters in difference referred, which is stated to have been notified to the arbitrators. It was a condition of the submission that they were to award upon all matters in difference between the parties. That is an important difficulty, against which the plaintiff has to contend, and it would be to no purpose to amend the pleadings."

To the same effect is the case of Wright *v.* Wright, 5 Cowen, 197. That was an action upon an arbitration bond conditioned to abide the award of certain arbitrators, upon the usual general submission, with the *ita quod* clause. The defendants pleaded that the arbitrators left undetermined a controversy between the parties which was brought to their notice ; and, on demurrer to the replication to the plea, the Court, per Sutherland, J., said : " It is a general rule, that where the bond of submission contains an *ita quod* clause, the award will be void, unless it comprehend all the matters submitted. This rule is invariable where the particular matters submitted are specified in the bond. But where the submission is general, and an award concerning one or more things is made, it will be presumed, until the contrary is shown, that nothing else was referred to the arbitrators, or brought before them by the parties. But if the arbitrators award in relation to one or more things, and say that they will not meddle with the rest, the whole is void, because they have not pursued their authority ; and in such a case it is immaterial whether the submission was general or special, for, if general, it appears on the face of the award that the arbitrators had notice of the matters which they refuse to decide."

The submission or bond in the several cases cited contained an *ita quod* clause ; and this fact is considered as distinguishing those cases from the one at bar. The *ita quod* clause, so called, is only a condition that the award should be rendered upon the matters submitted by a specified day. The designation of the day is one part of the condi-

tion essential to be complied with, but not more so than the other part, that the award should be upon the matters submitted.

In the cases of Mitchell v. Stavely, 16 East., and Wright v. Wright, 5 Cowen, the award was rendered within the time designated, and the decisions were made upon the omission of the arbitrators to pass upon all the items specified in the submission, or laid before them under its general terms. The same was evidently the case with the award in Randall v. Randall, 7 East., as the objection taken was not to the time the award was rendered, but that one of the three subjects submitted was left undetermined. See, also, Brown v. Merrill, 4 Eliz., Dryer, 216 ; Bisden v. Inglet, 2 Croke, Eliz., 838 ; Ormelade v. Coke, 4 Croke, Jac., 354 ; Bradford v. Bryan, 7 Mod. 349.

The point, then, of the decisions, so far as that part of the *ita quod* clause is concerned which affects the present case, is this : that if the submission provide that an award upon the matters submitted be made, or the condition of the bond be that the parties are bound, provided the award of such matters be made, then such proviso extends to *all* the matters submitted, and operates to render the submission conditional, and the award binding only in case the arbitrators pass upon every subject, either specifically referred to them, or brought to their notice under the general terms of the submission.

The language of the submission of the parties in the case at bar, is much stronger that the award must embrace all the matters in controversy, than the usual formal *ita quod* clause, "so that the award be made of the premises," etc. It recites that there are "*various* matters of difference ;" that for the purpose of " having the *same* speedily and properly adjusted," the parties have agreed to submit " *all matters* of difference, suits, actions," etc., to the arbitrators " to determine *ths same ;*" that the award " *upon the matters heretofore submitted*," shall be final and conclusive, and that they will " abide *the same*," and that they authorize a confession of judgment " upon *said* award ; and, as if to avoid any misconstruction, the parties further declare that " the submission is intended to embrace *all* actions or suits upon which judgments may have heretofore been entered, as well as suits or actions now pending, and *causes of action* and *other* matters of difference," etc. Nothing can be clearer than that the parties contemplated an

award upon all the matters submitted ; and not an award upon a portion only of such matters.

We have noticed the objections of counsel to the absence of the *ita quod* clause, because the old authorities give force to its presence. We do not think its absence or presence of any moment, or that its presence would, in any respect, vary the construction of the submission. The distinctions drawn by the old cases upon this point, are more subtle than just. See Bisden *v.* Inglet, 2 Croke Eliz. 838, and, as far back as 1741, Chief Justice Willis observed, in Bradford *v.* Bryan, 1 Willis, 270, that if it were not for the cases he should be of opinion that, when all matters are submitted, though without the condition of the *ita quod* clause, all matters must be determined ; assigning as the reason that it was plainly not the intent of the parties that some matters only should be determined, and that they should be left at liberty to go to law for the rest. At the present day the distinctions are not regarded, and the construction given to a general submission is not controlled by the *ita quod* clause. " These nice distinctions," says Sergeant Williams, in a note to case 6 of Saunders, " are now disregarded ; Courts of justice being at present more liberal in the construction of awards than formerly. And, therefore, an award may be good, though made of less than is contained in the submission ; as if the submission be of all actions, trespasses, demands and controversies, and the award be made of same only, the award is good ; for no more shall be presumed to have been made known to the arbitrator. But if, in fact, other causes of action in being were made known to the arbitrator, then such award would be had, as well where the submission is conditional with an *ita quod*, as where it is absolute." 1 Barr, 277 ; Hawkins *v.* Colclough, 1 Bac. Abr. 141.

" Usually, in submission," says Watson on Arb. 17, " to arbitration, there is introduced a condition—' so as the award be made of and upon the premises '—which, from the first words, is called the ' *ita quod*.' Where the submission is made with an ' *ita quod*,' it has always been holden that, if the arbitrator do not make his award of all the matters submitted to him, and whereof he had notice, the award is entirely void. But, where the submission is without an ' *ita quod*,' an award of one of several matters submitted to the arbitrator

was *formerly* considered good.   This distinction between general and conditional submissions runs through all the old authorities.   This distinction does not *now* prevail to that extent; indeed, it has been considered by high authority, that it would not now be holden that, where all matters in difference are submitted, though without an '*ita quod*,' the arbitrator must make his award of all matters submitted to him, and whereof he has notice, otherwise the award would be entirely void. The effect of this condition has, in a modern case, been much considered by the Court of Exchequer.   That Court there laid it down that it always depends on the true construction of the submission whether it is necessary to the validity of an award that it should embrace all matters referred.   Where the submission is with an '*ita quod*,' it is requisite that all matters should be disposed of by the award; but, if the submission is without such a condition, then the whole submission is to be looked to in order to ascertain whether it was the intention of the parties that all matters should be embraced by one award."

Regarding, then, the submission of the parties as conditional, and their agreement as one to abide an award upon all the matters submitted, and not an award upon a part, only, of such matters, we proceed to consider the consequence to the case at bar.   The award rendered shows that three matters were laid before the arbitrators, and passed upon by them.   Other matters in dispute may also have been considered, but whether so or not is immaterial.   Three were passed upon— one a claim for damages growing out of a breach of a lease ; another a claim for damages for the refusal of the defendant to furnish thirty head of cows and calves ; and the third, the claim for damages for interference with a certain ferry on the American river.   Upon the first claim the arbitrators allowed $13,500 ; upon the second $6,000 ; and upon the third $4,000 ; making in all $23,500.   For this sum judgment was confessed by the arbitrators under a provision in the submission in favor of Muldrow, and against Norris, in the District Court. This judgment the defendant moved to set aside ; the District Court denied the motion, but this Court, on appeal, held the ruling of the District Court erroneous, and reversed the judgment.   Upon its reversal, the present action was brought upon the award.   The reversal was ordered for the error committed by the arbitrators, and

apparent upon the face of the award in estimating the amount of damages for the breach of the lease.   The calculation was based upon the fact that the product of twenty acres of land was worth $9,000, from which the arbitrators inferred the product of two hundred acres would have been worth $90,000.   The damages thus estimated, said the Court, were too remote and speculative, and involved too many contingencies ; that the rule adopted was clearly illegal, and an award rendered upon such a basis was unconscionable.   It is to be observed that the Court did not decide that Muldrow was not entitled to any damages for the violation of the lease, but only that the rule adopted by the arbitrators for the estimation was illegal.   The award then stood precisely as though one and the main item submitted had never been passed upon.

The award had not effected the purposes of the submission—settled all matters of controversy between the parties.   Muldrow's claim for damages was still left undetermined, and the only consideration which could have moved Norris to enter into the submission and to stipulate to abide the award had failed.   Muldrow could still have sued for the damages for the violation of the terms of the lease.   His release does not affect the question.   That was executed upon the direction of the arbitrators, and was based upon the supposition that the award was to stand, the judgment confessed thereon to be enforced, and a release from Norris to be given.   It could not avail in any respect as a defense to an action for the breach of the lease.   The case, then, stands precisely as though the arbitrators had never considered the item, and in this view there is no question that the whole award is vitiated.   See cases cited above, and particularly Bradford v. Bryan, 1 Willis, 268.

An useless and invalid determination upon one item properly presented within the general terms of the submission, must, on principle, be as fatal to the entire action of the arbitrators as an omission intentional, or unintentional, to notice the item at all.   This is not a case within the doctrine that an award may be good in part and bad in part. That doctrine only applies to instances where there has been an excess of power in the arbitrators by their attempting to determine matters not submitted, or where there is uncertainty or illegality in an independent and distinct matter forming no consideration for other parts of

the award, and the settlement of which could not have contributed to induce the arbitration.   It is not, and never has been law, that in any other instance upon a submission of several matters, or in a general submission upon the proper presentation to the arbitrators of several matters, an award upon a part was good.   "In all cases," says Watson on Arb. 243, " when an award, void in part, may be supported for the residue, it must always be understood that it does not appear that the arbitrator has omitted to make his award of some matters submitted to him ; for in that case, if the void part were one of the matters in controversy, and that was bad for uncertainty or otherwise, the award would be void *in toto,* as the arbitrator had not made his award upon all matters referred to him.   The principle upon which it is so held, is, that the consideration for which the party submitted was, that the arbitrator should make an award of all matters in difference, and which consideration has failed."

It follows, from the views we have taken, that the award, as left after the decision of this Court reported in 7 Cal. 74, was insufficient to support the present action, and the bond of the defendant to abide such award falls with it.

Judgment reversed.