[Civ. No. 21765.   Second Dist., Div. One.   May 15, 1956.]

FILM TECHNICIANS OF THE MOTION PICTURE IN-
DUSTRY, LOCAL 683 et al., Respondents, v. COLOR
CORPORATION OF AMERICA, Appellant.

Irving A. Bernstein for Appellant.

Gilbert, Nissen & Irvin and Robert W. Gilbert for Re-
spondents.

NOURSE (Paul), J. pro tem.*—Respondents have moved
this court to dismiss the appeal taken by the appellant from
an order made by the trial court, resubmitting to the arbi-
trator the issues framed by an agreement for arbitration.

The appellant was a party to a collective bargaining agree-
ment with each of the respondents.   Each of the agreements
contained a provision for the payment by appellant to its

*Assigned by Chairman of Judicial Council.

employees of dismissal pay. They also provided for the submission to arbitration of any grievances claimed by the employees or the union representing them, including grievances as to the failure of the appellant to pay dismissal pay in accordance with the terms of the collective bargaining agreements.

Between the 1st of January, 1954, and March 31, 1954, the appellant dismissed certain of its employees, and thereafter dismissed others. Appellant claimed it was not obligated to pay dismissal pay, and respondents asserted that it was.

The parties agreed to submit the grievances arising under all contracts to one arbitrator. By the terms of the arbitration agreement, the following issues were submitted to the arbitrator:

"(a) Is the Color Corporation of America in violation of Paragraph 74 of the collective bargaining agreements with the Unions by reason of its failure to pay dismissal pay to qualified employees thereunder?

"(b) If the answer to (a) above is in the affirmative, which employees are qualified for such dismissal pay and in what amounts?"

The arbitrator, after hearings, made his award in writing. By his award he determined the first issue in favor of respondents and found that appellant was in violation of the collective bargaining agreements by reason of its failure to pay dismissal pay to qualified employees.

As to the second issue he found that certain named employees who were dismissed after March 31, 1954, were qualified and entitled to dismissal pay, and found the amount to which each employee named was entitled. He found that employees dismissed between January 1, 1954, and March 31, 1954, and who were not reinstated within 90 days, were entitled to dismissal pay, but failed to name these employees or make any award of dismissal pay to them.

Upon the filing of the award, the respondents filed a petition for an order confirming the award and moved the court for an order confirming the award and for the entry of the judgment thereon. Appellant moved the court for an order vacating the award, said motion being made upon the following grounds:

(1) The arbitrator exceeded his powers;

(2) The arbitrator so imperfectly executed his powers that a mutual, final, and definite award upon the subject matter submitted was not made;

(3) The arbitrator was guilty of misconduct and other misbehavior by which the rights of appellant were prejudiced.

It based its motion upon the points and authorities filed with its notice of motion and upon the affidavit of its counsel, which was also filed with the motion.

By its said points and authorities, and in support of ground (2) of the motion above stated, it asserted that the award was defective on its face in that the arbitrator had failed to name the employees laid off between January 1 and March 31, 1954, and failed to name which of these employees were eligible for dismissal pay and to how much each was entitled.

The court below denied the motion of respondents. It granted appellant's motion to vacate the award and remanded the matter to the arbitrator. Its minute order reads:

"Motion for order vacating award is granted *and, pursuant to Section 1288 of the Code of Civil Procedure, the matter is remanded to the arbitrator with directions for a rehearing so that the award made will specify each and every employee found to be qualified for dismissal pay and the amount thereof with respect to each of such employees."* [Emphasis added.]

Appellant has appealed from that portion of the order which is set forth above in italics.

We have come to the conclusion that the motion to dismiss the appeal must be granted.

The appellant treats the minute order as one order, and asserts its right to appeal from a portion of that order. If it is but one order, then it is an order made at appellant's instance, and from which he cannot appeal (*In re Radovich,* 74 Cal. 536 [16 P. 321, 5 Am.St.Rep. 466]; *Steinberg* v. *Jacobs,* 21 Cal.App. 765 [132 P. 1060]; *Coburg Oil Co.* v. *Russell,* 100 Cal.App.2d 200, 204 [223 P.2d 305]).

The appellant cannot avoid the fact that the order was entered at his instance by attempting to appeal from a part of the order, for, viewed as one order, all parts of it are so interwoven as to preclude an examination of the part challenged by the notice of appeal independent from the part which is not so challenged; and the result is that the notice of appeal would bring to this court the order entered at appellant's instance (*American Enterprise, Inc.* v. *Van Winkle,* 39 Cal.2d 210, 216 [246 P.2d 935]).

In our opinion the minute order in question did not constitute a single order, but two severable orders. The first one vacated the award in its entirety. By the second order, the court exercised the discretion given it and remanded the

matter to the arbitrator. The court did not, as both parties seem to assume, remand but one of the issues submitted to arbitration by the parties, but remanded the whole matter.

This interpretation of the court's order is compelled by the fact that the court did not, and in fact had no power to, vacate a part of the award only. ■ This is not a case where the arbitrator has found upon an issue not submitted to him and where his award may be modified by the court by striking therefrom the portion which attempts to make an award outside of the submission; but it is a case where the arbitrator has failed to find upon all of the issues submitted to him, with the result that "a mutual, final and definite award, upon the subject matter submitted" has not been made. In such a case there has, in reality, been no award, and the attempted award must be vacated as a whole, and the matter left standing as if it had not been heard by the arbitrator (*Muldrow* v. *Norris,* 12 Cal. 331, 334).

That a court cannot, where the arbitrators have failed to make an award upon all of the issues submitted them, let the award stand as to the issues covered by it and resubmit it upon the issues not passed upon, follows from the fact that the court has no power to pass upon the weight or sufficiency of the evidence produced before the arbitrators, and therefore cannot say, as it may in passing upon the verdict of a jury, that one issue has and another has not been properly decided, and thus vacate the judgment as to one issue and leave it standing as to others.

The award having been vacated in its entirety by the court, thus leaving all issues undetermined, we cannot assume that it was the intent of the court to resubmit to the arbitrator but one of those issues, inasmuch as any award so made would be as defective as the one which the court had vacated.

■ We hold that the portion of the minute order appealed from is a separate and distinct order from that portion thereof which vacated the award, and that it submitted to the arbitrator all of the issues covered by the agreement for arbitration. Such an order is not one of those specified in section 1293 of the Code of Civil Procedure as one from which an appeal may be taken.

The appeal must therefore be, and is hereby, dismissed.

White, P. J., and Doran, J., concurred.