[Civ. No. 19718. First Dist., Div. One. July 26, 1961.]

BROADWAY-HALE STORES, INC. (a Corporation), Appellant, v. RETAIL CLERKS UNION, LOCAL NO. 428, AFL-CIO, Respondent.

Sheppard, Mullin, Richter & Hampton, Frank Simpson III and David A. Maddux for Appellant.

Garry, Dreyfus, McTernan & Keller and Benjamin Dreyfus for Respondent.

DUNIWAY, J.—Appeal from an order and judgment confirming and enforcing the award of an arbitrator under a collective bargaining agreement. It is claimed by appellant employer that the question involved is not arbitrable under the agreement, that the arbitrator exceeded his powers, that he did not make a mutual, final and definite award, and that the court had no jurisdiction to confirm the award. We are affirming the judgment.

The pertinent provisions of the agreement are these:

Section IV: ''The amended agreement shall be in full force

and effect from May 1, 1958, to and including April 30, 1960, subject to written notice by either of the parties, ten days prior to May 1, 1959, or any ten day notice thereafter. Such opening shall be limited to the negotiating of an increase of five (5) cents per hour.''

Section 14: ''. . . It shall be the duty of the Adjustment Board to consider all complaints and disputes arising under the terms of this Agreement . . .''

The mechanics of arbitration are also set out, and there is also a ''no strike'' clause.

On June 10, 1959, the union gave notice under section IV. Negotiations were held, but no agreement was reached. The union then requested arbitration; the employer refused. The union obtained an order, under Code of Civil Procedure sections 1280 and following for arbitration. The employer, claiming lack of jurdisdiction, did not appear at the arbitration, which was held May 18, 1960.

1. *The question was arbitrable.*

Since this matter was submitted, the Supreme Court had decided the case of *Posner* v. *Grunwald-Marx, Inc.*, 56 Cal.2d 109 [14 Cal.Rptr. 297, 363 P.2d 313]. That case repudiates the so-called ''no dispute'' or ''Cutler-Hammer'' doctrine, upon which appellant principally relies, and disapproves the California cases that appellant cites. (Pp. 183-184.) There is nothing that we can add to what is there said.

In essence, appellant's position is that there was only an agreement to negotiate; respondent's is that an agreement to negotiate a particular matter, as part of a collective bargaining agreement that makes all disputes arising under its terms arbitrable, is susceptible to the interpretation that it means to negotiate to a conclusion, and that if no conclusion is arrived at, then arbitration comes into play. These questions, says respondent, are arbitrable questions. We agree, and we think that both the holding and the reasoning in *Posner* fully support our conclusion. (*Cf. Newark Publishers' Ass'n* v. *Newark Typo Union*, 22 N. J. 419 [126 A.2d 348]; *United Elec., Radio & Mach. Workers* v. *National Pneumatic Co.*, 134 N.J.L. 349 [48 A.2d 295].)

2. *The arbitrator did not exceed his powers.*

Under this heading, appellant urges that, while the arbitrator found that the employer did not agree to pay an

increase—did not promise an increase—the arbitrator nevertheless awarded one. The arbitrator also found that the parties: ". . . entered into the extension agreement with the definite purpose in view of reaching an agreement on a subject which they both understood would mature when certain conditions should arise. The Employer knew the Union's intentions. It knew, or should have known, that the arbitration clause was so broad as to cover such a dispute as has arisen. It knew, or should have known, the law, herein elucidated, that a dispute arising out of an agreement permitting the contract to be reopened for a limited purpose, while the no strike clause remains in effect, is subject to arbitration if negotiations fail, not only as to the arbitrability of the claim itself, but also as to the merits of the claim."

We have already held that the dispute was arbitrable. That being so, the arbitrator had power to decide it as he did. Here, again, we can add nothing to what the Supreme Court said in *Posner*. We note that the principal cases relied upon by appellant under this heading were also disapproved by the court. (56 Cal.2d at p. 183.)

The validity of the award, which has every presumption in its favor (see *Popcorn Equipment Co.* v. *Page*, 92 Cal.App. 2d 448, 451 [207 P.2d 647]) does not depend upon the correctness of the reasoning of the arbitrator in arriving at his decision (*McKay* v. *Coca-Cola Bottling Co.*, 110 Cal.App.2d 672, 673 [243 P.2d 35]). We do not, however, imply that the arbitrator's reasoning was unsound in this case.

3. *The award was mutual, final and definite.*

 The award is "that all the Employees of [appellant] shall, effective as of May 1, 1959, receive an increase in their basic hourly rate of pay of 5¢ per hour as proposed by the Union in its letter to the Employer of June 9, 1959." The judgment limits this to employees covered by the agreement.

On its face, this award is mutual, final and definite (Code Civ. Proc., § 1288, subd. (d)). Appellant, however, asserts that it cannot be ascertained whether it applies to employees working as of the date of the award (June 6, 1960) who were also working on May 1, 1959, to those now working who were employed after May 1, 1959, or to those terminated between May 1, 1959, and the date of the award. It is also claimed that it cannot be ascertained what must be done to comply, in that the award does not show how it is intended to apply to

employees on a commission basis, or whether it applies to classification rates or the rate of individual employees, or both.

The award, however, refers to the union's letter, which is quoted in the award, and which, we think, when read with the contract itself makes the matter clear enough. We do not think that appellant will have any real difficulty in complying.

4. *The court had jurisdiction.*

Appellant claims that, under section 301 of the Labor Management Relations Act (29 U.S.C. § 185), jurisdiction is in the United States District Court, not the superior court. In support of this position, and as part of its application to vacate the award, it filed the declaration of its vice president that: "Said corporation is a retail outlet and in the past calendar year had dollar volume of sales to customers outside the state of California in excess of $50,000; made purchases of goods from outside the state of California in excess of the sum of $50,000; made purchases of goods from firms which, in turn, purchased those goods from outside the state of California in excess of the sum of $50,000; and had a dollar volume of all sales in excess of the sum of $500,000."

The contention is answered by Mr. Justice Traynor in *McCarroll* v. *Los Angeles County etc. Carpenters* (1957), 49 Cal.2d 45 [315 P.2d 322]. In that case he treated the precise issue raised by appellant. He concluded that "[i]t does not necessarily follow from a decision that federal law governs the rights of the parties that state courts are ousted of jurisdiction" (p. 59), and that while state courts are no longer free to apply state law but must rather apply the "federal law of collective bargaining agreements," they do "have concurrent jurisdiction with federal courts over actions that can be brought in the federal courts under section 301" (p. 60).

We need not decide, in this case, whether federal or California law applies. In either case, the result would be the same. (*Posner* v. *Grunwald-Marx, Inc., supra,* 56 Cal.2d 169, 175, 176, 184.)

Affirmed.

Bray, P. J., and Tobriner, J., concurred.