[Civ. No. 34091. Second Dist., Div. Five. Feb. 25, 1970.]

KENNETH BOWMAN, Plaintiff and Respondent, v.
RUCHTI BROTHERS, Defendant and Appellant.

**COUNSEL**

Henry Himmelfarb for Defendant and Appellant.

Fishman & George and Stanley J. Fishman for Plaintiff and Respondent.

## OPINION

**STEPHENS, J.** — This appeal is taken by Ruchti Brothers (hereinafter Ruchti) from a judgment of the superior court confirming an arbitrator's award in favor of respondent Kenneth Bowman (hereinafter Bowman) in a matter which arose out of a dispute between Ruchti as employer, and Bowman as employee, as to the rights of Bowman under a union contract. The sole question on appeal is whether or not the award of the arbitrator and the court is sufficiently certain to permit enforcement.

The facts are not in dispute. The background facts are set forth for clear understanding of the ultimate arbitration problem from which this appeal lies.

Bowman commenced his employment in the meat packing industry in 1942, and became an employee of Ruchti in 1954. From the time of Bowman's first work for Ruchti he was classified as a floorsman, a position in the highest pay classification (a 22 pay-bracket classification) under the Union contract.

On October 9, 1959, Bowman sustained a back injury in the course of his employment, and was disabled until December 21, 1959, at which time he returned to work for Ruchti as a "backer," a lower classification (17 pay-bracket, but he was paid at the same rate of pay as a floorsman.[1]

In February 1960, Bowman was moved to the job of "backing and rumping," a still lower pay-bracket classification, but he continued to be paid at the floorsman rate, plus a 10¢ premium. He worked continuously until some time in March 1962. His back condition worsened, and between March 11 and September 25, 1962, he was unable to work. A laminectomy and fusion were performed. In September 1962, Bowman returned to work for Ruchti, and was again placed in a backing and rumping classification, but at a floorsman's pay. In June 1963, Bowman received a $10,000 settlement in connection with his back injury, and this was approved by the Industrial Accident Commission. Bowman continued to work for Ruchti in the stated position continuously until some time in March 1966.

It is from this unspecified day in March 1966 that the basic facts involved in the arbitration and superior court hearing on petition to confirm award commenced to develop: At that time Bowman was instructed to work as a floorsman. He protested, and for two weeks Ruchti continued Bowman as a backer and rumper, but paid him at the lower rate (17 pay-bracket)

---

[1]Testimony supports the fact that there is a considerable practice of employment in a lower position with pay at a higher-classification rate.

applicable to that position. Then it was insisted that Bowman work as a floorsman, and his pay rate for the preceding two weeks was recomputed at the higher rate (22 pay-bracket). Ruchti thereafter classified Bowman as a backer and rumper, and fixed his pay in accordance with that classification. Bowman continued in that employment until July 1, 1966, when he was discharged.

At the time in March 1966 that Bowman's position was classified as backer and rumper *and* he was paid according to that classification, Bowman filed a grievance; an arbitrator was selected, and the matter was heard on November 30, 1966. In addition to the heretofore stated facts, the hearing produced conflicting evidence as to Bowman's physical condition as it related to his ability to perform the work of a floorsman. After the sides had rested, a motion to reopen to permit production of additional evidence was presented to the arbitrator by Ruchti, and was denied. Findings and award in favor of Bowman followed the hearing.

On January 30, 1968, a petition to confirm award and for entry of judgment was filed in the superior court by Bowman.[2] Ruchti responded to the petition and requested either (1) correction of the award of the arbitrator by the taking of additional evidence; or (2) dismissal of the petition to confirm the award.[3] On March 28, 1968, the court granted Bowman's motion to confirm the arbitrator's award, which was carried forward substantially verbatim in the judgment which was entered.

The judgment confirming the arbitrator's award reads as follows:

"IT IS ORDERED AND ADJUDGED that the Award of William Levin, Arbitrator dated December 23, 1966 is confirmed.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

"(a) Petitioner Bowman received a paycut in March, 1966, in violation of the Collective Bargaining Agreement.

"(b) Respondent Ruchti Brothers is ordered to pay Petitioner Kenneth Bowman the difference between the sum received from March, 1966, when he was given a pay-cut, until June 30, 1966, and the sum he would have received at his weekly rate of $154.85.

---

[2] Code of Civil Procedure section 1285: "Any party to an arbitration in which an award has been made may petition the court to confirm, correct or vacate the award."

[3] Code of Civil Procedure section 1285.2: "A response to a petition under this chapter may request the court to dismiss the petition or to confirm, correct or vacate the award."

Code of Civil Procedure section 1286: "If a petition or response under this chapter is duly served and filed, the court shall confirm the award as made unless in accordance with this chapter it corrects the award and confirms it as corrected, vacates the award or dismisses the proceeding."

"(c) Petitioner Kenneth Bowman was discharged by Respondent Ruchti Brothers on June 30, 1966 in violation of the Collective Bargaining Agreement.

"(d) Petitioner Kenneth Bowman is ordered reinstated, without loss of seniority, and shall be compensated for time lost by back pay from June 30, 1966, at the weekly rate of $154.85, to the date of his reinstatement, less any amounts earned by Bowman in other employment. 'Back pay' shall include any vacation or holiday pay to which he would have been entitled during the period of discharge, but shall not include allowance for overtime pay. Reinstatement may, at the option of Ruchti Brothers, be to either the rumper and backer classification or to the floorsman classification.

"THE CLERK IS ORDERED TO ENTER THIS JUDGMENT.
DATED:  July 3, 1968"

The contention on this appeal is the same one made by Ruchti in its request for correction, namely, that the judgment, which is substantially verbatim in the words of the arbitrator's award, is fatally defective due to uncertainty to the extent of prohibiting enforcement. To establish the fact of uncertainty in the award and judgment, Ruchti points to Bowman's petition for entry of judgment. There, Bowman arrives at a figure of $4,398.61, which he calculates in four parts. Bowman claims the amount of $234.40 as the wage differential for the period of March 1, 1966 to June 30, 1966. It is conceded that the arbitrator made a finding that Bowman was wrongfully discharged on June 30, 1966.  ■  However, the record is without evidence as to the date when the reduction in pay was made. It may be that Ruchti has the knowledge of the exact date when the pay-cut was made, but the law does not require him to make such computation, as was set forth in the case of *People* v. *Rio Nido Co.,* 29 Cal.App.2d 486 [85 P.2d 461] (quoted *infra*). In addition, Bowman states that the pay-cut was to the sum of $140.20, whereas the arbitrator's findings show the figure to be $145.85.

■  In Bowman's second computation, he arrives at a figure of $4,103.52 by taking a period from July 1, 1966 to January 4, 1967 at the rate of $154.85 weekly, and claims that the January 4, 1967 date was the date on which he was reinstated. Conceding the correctness of the weekly rate and the July 1st date, there is no evidence to support the January 4th date, other than the assertion by Bowman. It is obvious that the arbitrator could not have established a January 4, 1967 date, as the hearing was held on November 30, 1966, and the award was signed on December 23, 1966. This is an issue which is properly a matter for the arbitrator or the court to adjudicate. In this connection, the award of the arbitrator left the matter open, as it merely stated that the weekly rate of $154.85 should be paid from June 30, 1966 to the date of Bowman's reinstatement. This exact language

is incorporated in the judgment of the court. It would appear that the "date of reinstatement" is an indeterminate date and therefore makes the amount of computation one requiring additional adjudication.

The third item of Bowman's computation is the sum of $357.30, which he represents as being nine (9) days' vacation pay at the rate of $30.97. Neither the amount nor the number of days for which Bowman is entitled to vacation compensation finds support in the record. The award of the arbitrator provides "back pay shall include any vacation or holiday pay to which he would have been entitled during the period of discharge. . . ." This same language is used in the judgment ordered by the court. There is nothing in the findings of either the court or the arbitrator which indicates what holidays are compensable under the union contract, or what holidays were included in the period of wrongful discharge.

The fourth item of Bowman's computation gives credit to Ruchti in the sum of $296.61, which is stated to be the sum of money earned by Bowman in other employment for which Ruchti is entitled to credit. The record is without evidence as to the amount of money earned by Bowman in other employment; nor is there any finding; nor does the judgment specify such amount, the award of the arbitrator merely providing ". . . less any amounts earned by Bowman in other employment," and the identical language is included in the judgment of the court.

■ In *People* v. *Rio Nido Co., supra,* 29 Cal.App.2d 486 at p. 490, the court states: "One whom it is sought to bind by a judgment is not required to seek beyond the judgment roll, nor to indulge in surmise. One test is expressed in *Hedrick* v. *Lee,* 39 Idaho 42 [227 Pac. 27], as follows:

'The general rule is that a judgment involving the right to possession of real property must sufficiently describe it to enable an officer charged with the duties of executing a writ of possession to go upon the ground, and, without exercising judicial functions, ascertain the locality of the lines as fixed by the judgment.' "

The same rule applies to arbitration awards, pursuant to Code of Civil Procedure section 1283.4, which states: "The award shall be in writing and signed by the arbitrators concurring therein. It shall include a determination of all the questions submitted to the arbitrators concurring therein. It shall include a determination of all the questions submitted to the arbitrators the decision of which is necessary in order to determine the controversy." The provision for entry of judgment is found in Code of Civil Procedure section 1287.4: "If an award is confirmed, judgment shall be entered in conformity therewith. The judgment so entered has the same force and effect as, and is subject to all the provisions of law relating to,

a judgment in a civil action; and it may be enforced like any other judgment of the court in which it is entered."

Ruchti included the following contentions in its response to the petition for confirmation of award and request for entry of judgment:

"(a) The award does not fix a dollar amount to which petitioner is entitled nor does it set forth a formula by which said amount may be calculated;

"(b) Said award does not fix the number of weeks to which petitioner was to receive the sum of $154.85 per week nor does it set forth a formula by which said amount may be calculated;

"(c) The award does not fix a dollar amount to determine the vacation pay to which petitioner is entitled nor does it set forth a formula by which said amount may be calculated;

"(d) Said award states that respondent is entitled to an offset or that the award shall be reduced by the amount that petitioner shall have earned or income received but said award does not determine the amount of said offset nor does it set forth a formula by which said amount may be calculated.

"4. Said miscalculations can only be corrected by this court's hearing additional evidence, or in the alternative, vacating said award.

These contentions were filed in compliance with Code of Civil Procedure section 1286.8.[4]

We conclude that the award of the trial court does not supply either dollar amounts by way of judgment, or dollar amount and dates whereby the clerk could mathematically compute a sum certain.

The judgment is reversed, with directions to proceed in a manner consistent with this opinion in order to obtain an award certain.[5]

Kaus, P. J., and Aiso, J., concurred.

---

[4]Code of Civil Procedure section 1286.8 subdivision (a): "The court may not correct an award unless: . . . (a) A petition or response requesting that the award be corrected has been duly served and filed; . . ."

[5](*Banks* v. *Milwaukee Ins. Co.,* 247 Cal.App.2d 34, 38, fn. 8 [55 Cal.Rptr. 139].)