[Civ. No. 3477. Fifth Dist. Nov. 16, 1978.]

M. B. ZANINOVICH, INC., Plaintiff and Appellant, v.
TEAMSTER FARMWORKER LOCAL UNION 946 et al.,
Defendants and Respondents.

## COUNSEL

Thomas, Snell, Jamison, Russell, Williamson & Asperger, Jay V. Jory and Gerald D. Vinnard for Plaintiff and Appellant.

Ormes, Farrell, Monroy & Drost and John J. Maloof for Defendants and Respondents.

## OPINION

**BROWN (G. A.), P. J.**—Appellant, M. B. Zaninovich, Inc. (hereinafter Employer), entered into a collective bargaining agreement with respondents Teamster Farmworker Local Union 946 and Western Conference of Teamsters (hereinafter Union), covering Employer's farm workers. The contract was for the period from August 9, 1973, through April 14, 1977. One of the contract provisions required the Employer to deduct from the pay of employees union dues and initiation fees upon written authorization by the employees. In October 1975 a dispute arose between the Employer and the Union regarding the validity of the contract. The Employer stopped checking off the dues and initiation fees and remitting them to the Union. The controversy was submitted to arbitration, and after hearings on April 24, 1976 and July 20, 1976, the arbitrator rendered

his award in favor of the Union on October 14, 1976. The Employer petitioned the superior court to set aside the award. The court denied the petition, and the Employer has appealed.

In addition to the issue of the validity of the collective bargaining agreement and an issue of whether the Union had complied with the dues authorization provisions of the agreement, the submission agreement submitted the following issue for decision: "How much, if any, is owing by the Company to the Union for such violation or violations of Section 3 of the Agreement?"

In response to this issue, the arbitrator determined: ". . . I find that the employer is bound by the labor agreement entered into in August of 1973 that the company has violated Section 3 of the agreement by refusing to honor dues authorization cards since October 1975; that the Union has complied with the procedural requirements of Section 8 and that the employer is required to remit to the Union the dues and initiation fees of those employees who by the terms of the agreement had given the employer written authorization to deduct dues and initiation fees."

■ The only issue on this appeal is whether the trial court erred in failing to find that this part of the award is fatally uncertain and/or whether the failure to find the amount owing to the Union amounted to a failure to find on all issues.

Employer argues that the award is fatally uncertain because it is silent as to the number of employees who had given written authorizations, the dates during which such authorizations were effective, and the individual or total amounts of dues deductible. ■ ■■■ It is apparent from the face of the award that while the month the Employer stopped deducting dues is established by the award, the amount of the dues cannot be established without additional information which is not present in the award.[1]

---

[1]The Union's answer to this contention is that the information is in the possession of the Employer. But the possession of information by one of the parties does not cure an uncertainty in the award or in a judgment, as the law does not require a party to make a computation in order to render the judgment certain. (*Bowman* v. *Ruchti Brothers* (1970) 4 Cal.App.3d 897 [84 Cal.Rptr. 563]; *People* v. *Rio Nido Co., Inc.* (1938) 29 Cal.App.2d 486, 490 [85 P.2d 461].)

In *Bowman* v. *Ruchti Brothers, supra,* 4 Cal.App.3d 897, 900-901, an arbitrator's award in favor of an employee and against an employer provided:

" '(a) Petitioner Bowman received a paycut in March, 1966, in violation of the Collective Bargaining Agreement.

" '(b) Respondent Ruchti Brothers is ordered to pay Petitioner Kenneth Bowman the difference between the sum received from March, 1966, when he was given a pay-cut, until June 30, 1966, and the sum he would have received at his weekly rate of $154.85.

" '(c) Petitioner Kenneth Bowman was discharged by Respondent Ruchti Brothers on June 30, 1966 in violation of the Collective Bargaining Agreement.

" '(d) Petitioner Kenneth Bowman is ordered reinstated, without loss of seniority, and shall be compensated for time lost by back pay from June 30, 1966, at the weekly rate of $154.85, to the date of his reinstatement, less any amounts earned by Bowman in other employment. "Back pay" shall include any vacation or holiday pay to which he would have been entitled during the period of discharge, but shall not include allowance for overtime pay. Reinstatement may, at the option of Ruchti Brothers, be to either the rumper and backer classification or to the floorsman classification. . . .' "

In holding the award was fatally uncertain and that it was also in violation of Code of Civil Procedure section 1283.4,[2] requiring a determination of all the questions submitted, it referred to some of the patent uncertainties appearing on the face of the award. These uncertainties were: the date when the reduction in pay was made, the date of reinstatement, the amount or number of days of entitlement to vacation, what holidays are compensable, and the amount earned by the employee in other employments. The court concluded: "We conclude that the award of the trial court does not supply either dollar amounts by way of judgment, or dollar amount and dates whereby the clerk could mathemat-

---

[2]Code of Civil Procedure section 1283.4 provides: "The award shall be in writing and signed by the arbitrators concurring therein. It shall include a determination of all the questions submitted to the arbitrators the decision of which is necessary in order to determine the controversy."

ically compute a sum certain."[3] *(Bowman* v. *Ruchti Brothers, supra,* 4 Cal.App.3d at p. 903.)

■ In this regard the language of *Ulene* v. *Murray Millman of California* (1959) 175 Cal.App.2d 655, 662-663 [346 P.2d 494], is germane: "A *definite* award is one which is certain and decisive as to the matter submitted, so as to avoid further litigation. [Citation.] . . . A *final* award is one which conclusively determines the matter submitted, leaving nothing to be done but to execute and carry out the terms of the award. [Citations.]" (See also *Pierson* v. *Norman* (1852) 2 Cal. 599, 602; *Porter* v. *Scott* (1857) 7 Cal. 312, 316; *Banks* v. *Milwaukee Ins. Co.* (1966) 247 Cal.App.2d 34, 38 [55 Cal.Rptr. 139, 36 A.L.R.3d 933].)

■ It is manifest that consistent with the principles stated the award is fatally uncertain in the ways urged by the Employer.[4]

Moreover, keeping in mind that the submission agreement expressly required a determination of "how much . . . is owing," it appears to us that the failure to state the amount is a failure to find upon an issue submitted to the arbitrator. (Code Civ. Proc., § 1283.4; *Safeway Stores* v. *Brotherhood of Teamsters* (1978) 83 Cal.App.3d 430 [147 Cal.Rptr. 835]; *Banks* v. *Milwaukee Ins. Co., supra,* 247 Cal.App.2d 34; *Film Technicians* v. *Color Corp. America* (1956) 141 Cal.App.2d 553 [297 P.2d 86].)

We now face the question of whether a rehearing should be ordered with respect to the entire controversy subject to arbitration or whether the award should be confirmed except for that part which is uncertain. If this were a new question we would have no hesitancy in remanding the matter for a rehearing, modification and correction of that part of the award which is defective only. However, the question is not new and it appears that precedent is solidly against such a procedure, the statutory power of the superior court being harshly constricted in this regard.

---

[3]The court was concerned with the award being in such form as to permit a court to enter a judgment thereon pursuant to the provisions of Code of Civil Procedure section 1287.4 which provides: "If an award is confirmed, judgment shall be entered in conformity therewith. The judgment so entered has the same force and effect as, and is subject to all the provisions of law relating to, a judgment in a civil action; and it may be enforced like any other judgment of the court in which it is entered."

[4]*Broadway-Hale Stores, Inc.* v. *Retail Clerks Union* (1961) 194 Cal.App.2d 300 [14 Cal.Rptr. 821], relied upon by the Union, is clearly distinguishable. There the claimed uncertainty did not relate to amounts due but only to the identification of the employees who were entitled to the awarded pay increase. A letter, however, which had been written

The latest pronouncement on the subject is *Safeway Stores* v. *Brotherhood of Teamsters, supra,* 83 Cal.App.3d 430, which confronted the question directly, and after discussing the cases concluded that the ancient case of *Muldrow* v. *Norris* (1859) 12 Cal. 331 is still controlling. *Muldrow* held that if arbitrators do not decide all questions submitted to them the entire award is void and that the entire cause should be returned to the arbitrator for redetermination.

Moreover, the same result follows from the mandate of the statute (Code Civ. Proc., § 1286.6)[5] which sharply curtails the authority of the superior court to correct awards.[6] The situation here does not fall within any of the categories mentioned in section 1286.6 and the courts have held that the grounds stated in the statute are exclusive. (See *Banks* v. *Milwaukee Ins. Co., supra,* 247 Cal.App.2d 34, 37; see also *Film Technicians* v. *Color Corp. America, supra,* 141 Cal.App.2d 553, 555-556.)

The judgment is reversed; the cause is remanded with directions to vacate the award and thereafter proceed in accordance with section 1287 of the Code of Civil Procedure.

Hopper, J., and Accurso, J.,* concurred.

---

by the union to the employer and clarified the uncertainty was referred to and quoted in the award and was held sufficient under the circumstances to make the award certain.

[5]Code of Civil Procedure section 1286.6 provides:

"Subject to Section 1286.8, the court, unless it vacates the award pursuant to Section 1286.2, shall correct the award and confirm it as corrected if the court determines that:

"(a) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;

"(b) The arbitrators exceeded their powers but the award may be corrected without affecting the merits of the decision upon the controversy submitted; or

"(c) The award is imperfect in a matter of form, not affecting the merits of the controversy."

[6]It is strongly urged that the Legislature consider amending section 1286.6 to permit the award to be affirmed in part and referred back for rehearing and redetermination of the part of the award found to be defective or erroneous.

*Assigned by the Chairperson of the Judicial Council.