ARO, INC., Plaintiff,

v.

INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, etc., et al., Defendants.

No. CIV-4-75-38.

United States District Court,
E. D. Tennessee,
Winchester Division.

Feb. 19, 1976.

William N. Ozier, Nashville, Tenn., for plaintiff.

·Carrol D. Kilgore, Nashville, Tenn., for defendants.

## MEMORANDUM OPINION

NEESE, District Judge.

This is an action to vacate or modify an arbitration award made pursuant to the collective bargaining agreement of the parties. 29 U.S.C. § 185. The defendants moved for a partial summary judgment and the plaintiff moved for a summary judgment. Rules 56(a), (b), Federal Rules of Civil Procedure. The parties stipulated that the action may be disposed of by the

Court upon their respective motions for a summary judgment. At the plaintiff's request, local Rule 12(c), an oral hearing was held on February 2, 1976, after which the Court took the motions under advisement.

The material facts are not in genuine dispute. Rule 56(c), Federal Rules of Civil Procedure. On March 9, 1974 Mr. L. C. Hall, an employee of the plaintiff ARO, Inc. (ARO), suffered a non-occupational illness which caused him to be totally disabled and unable to perform his work. Pursuant to the provisions of the collective bargaining agreement between the parties, ARO continued to pay its portion (60%) of certain group insurance benefits in behalf of Mr. Hall. These payments were made by ARO for a period of 26 weeks until September 12, 1974 when, in accordance with company procedure, Mr. Hall was removed from the plaintiff's active payroll and placed on an indefinite leave of absence.[1] No further such insurance benefits were paid by ARO; however, it did notify Mr. Hall that he was entitled to continue his group insurance benefits for a period of one year, provided the premiums for such were paid quarterly by him in advance.

In June of 1974 Mr. Hall was advised by representatives of ARO of the benefits to which he would be entitled under the collective bargaining agreement during the term of his disability. A timely grievance was filed on July 3, 1974 by the defendants union (Unions) in behalf of Mr. Hall, claiming that the benefits to which the employee were entitled had been misrepresented to him. The parties, being unable to resolve their differences, the matter was submitted to arbitration in accordance with the provisions of their collective bargaining contract.

The decision of the arbitration committee issued on June 28, 1975 and partly sustained the grievance. It was ruled in the award that Mr. Hall:

1) was entitled to have 60% of his group insurance premiums paid by his employer for a period of up to 36 months after the date of his disability, even though he was on leave of absence, since he was still an "employee" within the meaning of Article XVII (Group Insurance) of the collective bargaining agreement;

2) was entitled to continue to receive vacation benefits for 36 months from the date of his disability on the grounds that he remained an "employee" for such purposes during that period of time; and

3) was not eligible to receive holiday benefits or funeral leave during the term of his disability.

ARO seeks the vacation or modification of such award, on the grounds that " * * * the arbitrator did not draw his award from the 'essence' of the collective bargaining agreement * * * ", and that such award is directly contrary to the express terms of the agreement, and the intent and purpose of the parties. The Unions maintain that the arbitration board erroneously applied one portion of the collective bargaining agreement, but that the remainder of the award was proper and thus binding.

■■■ The role of this Court in the controversy herein is greatly limited. *Bernhardt v. Polygraphic Co.* (1956), 350 U.S. 198, 203, 76 S.Ct. 273, 100 L.Ed. 199, 205[11]. " * * * [R]efusal of the courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements * * * " since the " * * * federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the awards. * * * " *United ed Steelworkers v. Enterprise Corp.* (1960), 363 U.S. 593, 596, 80 S.Ct. 1358, 1360, 4 L.Ed. 1424, 1427[1]. Of course, the arbitrator " * * * is confined to interpretation and application of the collective bargaining

---

1. Company Personnel Procedure No. 42 provides that:

*All employees* absent from work because of nonoccupational illness or injury are kept on active status for three months or until all sick leave and vacation pay are used, whichever is later. During this period the employee accumulates vacation and sick leave, gets holiday pay and receives all other employee benefits. At the end of his active status, the employee is put on disability or may be given a medical discharge * * *. [Emphasis in the original.]

agreement * * *", and "* * * he does not sit to dispense his own brand of industrial justice. * * *" *Ibid.,* 363 U.S. at 597, 80 S.Ct. at 1361, 4 L.Ed.2d at 1428[4]. The arbitrator's award is legitimate "* * * only so long as it draws its essence from the collective bargaining agreement * * * [and when] * * * the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award. * * *" *Idem.* Likewise, where the arbitration adds to or varies the terms of the bargaining contract his decision must be denied enforcement. *Local 342, United Automobile, A. & A. I. Wkrs. v. T. R. W.,* C.A.6th (1968), 402 F.2d 727, 731–732[2, 3].

█ It is clear from the exhibits, affidavits, and stipulations of the parties herein that this award was the arbitration committee's interpretation and construction of the essence of the collective bargaining agreement between the parties. The heart of the arbitration decision was the determination that the grievant Mr. Hall was an "employee" within the meaning of several sections of the contract, even though he had been placed on leave of absence.[2] Such procedure was the sole function of the arbitrator for "* * * [i]t is [his] construction which was bargained for;[3] and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his. * * *" *United Steelworkers v. Enterprise Corp., Ibid.,* 363 U.S. at 599, 80 S.Ct. at 1362, 4 L.Ed.2d at 1429[9].

█ There is nothing herein to indicate that the arbitration committee added to, disregarded, or modified any term of the collective bargaining agreement.[4] Rather, they simply construed the contract as the parties thereto had provided in case differences of opinion arose regarding an alleged violation thereof. Even if there did exist a "* * * mere ambiguity in the opinion accompanying [the] award, permit[ing] the inference that the arbitrator may have exceeded his authority, [such] is not a reason for refusing to enforce the award. * *" *Ibid.,* 363 U.S. at 598, 80 S.Ct. at 1361, 4 L.Ed.2d at 1428[6]. This Court will not discard the fruits of the fairly conducted arbitration herein by impeaching the award. *Order of Railway Conductors, Etc. v. Clinchfield R. Co.,* C.A.6th (1969), 407 F.2d 985, 988[1], reversing D.C.Tenn. (1967), 278 F.Supp. 322, certiorari denied (1969), 396 U.S. 841, 90 S.Ct. 104, 24 L.Ed.2d 92.

Accordingly, the plaintiff's motion for summary judgment hereby is DENIED, and the defendants' similar motions hereby are GRANTED. Rule 56(c), Federal Rules of Civil Procedure. Judgment will enter for the defendants, sustaining *in toto* the decision of the arbitration committee. Rule 58(1), Federal Rules of Civil Procedure.

---

2. "Mr. Hall is an employee of the [c]ompany, and entitled to whatever rights and benefits the Agreement provides for employees. * * * Whether he is on medical or disability leave-of-absence, as the [c]ompany contends, or merely absent due to illness, as the [u]nion contends, makes no substantial difference; he is still an 'employee' of the [c]ompany. * * *" Opinion and Award of Arbitration Committee of June 28, 1975, page 6.

3. Article IV of the parties' collective bargaining agreement provides that:
"* * * Any controversy * * * which involves * * * the interpretation or application of the provisions of this contract, or * * * an alleged violation of the contract * * * may be submitted for settlement to the [a]rbitration [c]ommittee. * * * The decision of the majority of the [a]rbitration [c]ommittee shall be final and binding on both parties."

4. The parties have explicitly denied the arbitration committee "* * * the power to add to, to disregard, or to modify any terms of [their collective bargaining] contract." Article IV.