C. P. EQUIPMENT COMPANY, a
Division of Chicago Pneumatic
Tool Company, Plaintiff,

v.

INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS LOCAL LODGE NO. 335, DISTRICT NO. 83, Defendant.

INTERNATIONAL ASSOCIATION OF MACHINISTS & AEROSPACE WORKERS, LODGE NO. 335, Plaintiff,

v.

CHICAGO PNEUMATIC TOOL
COMPANY, Defendant.

Civ. A. Nos. 76–79 and 76–83 ERIE.

United States District Court,
W. D. Pennsylvania.

July 7, 1976.

Stephen L. Barsotti, Pittsburgh, Pa., for Union.

Harry W. Gent, Jr., Franklin, Pa., for defendants.

FINDINGS AND OPINION

WEBER, District Judge.

The International Association of Machinists and Aerospace Workers (hereinafter, "Union") sues the Chicago Pneumatic Tool Company (hereinafter, "Company") in Civil Action No. 76–83 Erie for mandatory enforcement of a labor arbitration award. The Company in Civil Action No. 76–79 Erie sues to set aside the arbitrator's award on the basis that the arbitrator exceeded his authority in refusing to apply the express language of the collective bargaining agreement. This court on June 25, 1976 ordered that these two actions be consolidated for further proceedings and heard argument on the Union's application for preliminary injunction on June 28, 1976.

Jurisdiction is found to exist under 29 U.S.C. § 186.

Article XVII of the collective bargaining agreement provides that "all employees, *when laid off*, will have the opportunity to bump into any job in which he has the seniority and ability." (emphasis added). Before September 29, 1975 an employee was not required to exercise his bumping rights at the moment of lay-off but could take a lay-off and exercise his bumping right at a later time during the lay-off. The Company notified its employees that, beginning on September 29, 1975, employees would be required to exercise their bumping rights at the time they were laid off and that delayed bumping, after a period of lay-off, would no longer be allowed. A grievance was filed and referred to binding arbitration under the collective bargaining agreement. The arbitrator decided that, since

the contract did not specify when bumping rights were to be exercised, the past conduct of the parties served as an index of their intention and the failure of either the Company or the Union to attempt to amend the contract during contract negotiations further demonstrated the acquiescence of both to the "delayed bumping" practice.

The Company's objection to the arbitrator's decision rests upon a clause of the collective bargaining agreement, Section VII(b) which reads as follows:

"The decision of the Arbitrator must be upon the provisions of this Agreement at the time the grievance was initiated and shall be final and binding on both parties. In no event can the Arbitrator add to, change, or modify the Agreement. Past practice will not be used as a basis for a decision of the settlement of any grievance where the situation is covered by the language of this Agreement."

The Arbitrator obviously relied on past practice and therefore the company attacks his award as being outside the terms of the collective bargaining agreement. The arbitrator recognized this argument and concluded that he was required to consider past practice because the language of the collective bargaining agreement left this question undetermined.

A court must affirm an arbitrator's award if it "can in any rational way be derived from the agreement," *Amalgamated Meat Cutters etc. v. Cross Bros.*, 518 F.2d 1113 [3rd Cir. 1975] and can only reverse if "there is a manifest disregard of the agreement, totally unsupported by principles of contract construction and the law of the shop." *Ludwig Honold Mfg. Co. v. Fletcher*, 405 F.2d 1123, 1128 [3rd Cir. 1969]. The Court in *Honald* stated:

"[a] labor arbitrator's award does 'draw its essence from the collective bargaining agreement' if the interpretation can in any rational way be derived from the agreement, viewed in the light of its language, its context, and any other indicia of the parties' intention; only where there is a manifest disregard of the agreement, totally unsupported by princi-

ples of contract construction and the law of the shop, may a reviewing court disturb the award." (p. 1128)

The court also stated:

"Bearing this in mind and perceiving that the Supreme Court's announced standards in reviewing commercial awards call for the exercise of judicial restraint, we must conclude that such a philosophy of restricted review compels even less judicial interference in matters arising from labor arbitration. At the very least this means that the interpretation of labor arbitrators must not be disturbed so long as they are not in 'manifest disregard' of the law, and that 'whether the arbitrators misconstrued a contract' does not open the award to judicial review." (p. 1128)

The phrase "when laid off" may refer to the moment of lay-off or may describe the period of lay-off or the state of being laid off. The face of the contract does not dictate one meaning or the other. But the parties' previous course of conduct and their failure to clarify the phrase the phrase by contract amendment reasonably indicates their mutual intention to interpret the phrase "when laid off" to describe the *period* of lay-off and to allow an employee to exercise his bumping rights sometime after the moment of his *lay-off*. Hence, we cannot find that the arbitrator's reasoning lies in "manifest disregard" of the agreement or is "totally unsupported" by principles of contract interpretation.

THEREFORE, we must grant the relief prayed for by the Union and deny the prayer of the Company's Complaint. An appropriate order will be entered in both cases.