972 F.2d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 SAN DIEGO AFL-CIO BUS DRIVERS LOCAL DIVISION 1309 OF the
AMALGAMATED TRANSIT UNION, Plaintiff-Appellant,
v.
SAN DIEGO TRANSIT CORPORATION, Defendant-Appellee.
 
 No. 91-55934.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1992.
Decided July 30, 1992.
 Before TANG, SCHROEDER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 San Diego AFL-CIO Bus Drivers, Local 1309 of the Amalgamated Transit Union ("Union"), appeals the district court's order confirming the initial interest arbitration award and vacating the corrected arbitration award. The district court concluded that the arbitration board ("Board") redetermined issues that had been finally ruled upon in its initial award in violation of the functus officio doctrine. We affirm.
 
 I.
 
 3
 The Union argues that the Board had authority to clarify the initial arbitration award based upon California Civil Procedure Code §§ 1284, 1286.6. The basis for the Union's argument under state law is that, in an action to confirm an arbitration award under section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, federal courts may look to state law in fashioning federal substantive law.[1]
 
 
 4
 The Union also argues that, apart from state law, the United States Arbitration Act ("USAA"), 9 U.S.C. § 11, allows an arbitrator to modify and correct an award, even though the USAA does not permit an arbitrator to redetermine the merits of an award.[2]
 
 
 5
 We find these arguments unpersuasive in light of the controlling authority provided in McClatchy Newspapers v. Central Valley Typographical Union, 686 F.2d 731 (9th Cir.), cert. denied, 459 U.S. 1071 (1982). In McClatchy, we set forth the applicable federal policy governing an arbitrator's authority to redetermine an issue once a final ruling has been rendered:
 
 
 6
 "It is [a] fundamental common law principle that once an arbitrator has made and published a final award his authority is exhausted and he is functus officio and can do nothing more in regard to the subject matter of the arbitration. The policy which lies behind this is an unwillingness to permit one who is not a judicial officer and who acts informally and sporadically, to re-examine a final decision which he has already rendered, because of the potential evil of outside communication and unilateral influence which might affect a new conclusion. The continuity of judicial office and the tradition which surrounds judicial conduct is lacking in the isolated activity of an arbitrator, although even here the vast increase in the arbitration of labor disputes has created the office of the specialized professional arbitrator."
 
 
 7
 Id. at 734 (quoting La Vale Plaza, Inc. v. R.S. Noonan, Inc., 378 F.2d 569, 572 (3rd Cir.1967)).
 
 
 8
 In McClatchy, after a final award had been rendered by the arbitrator, the losing party petitioned the arbitrator to reopen the proceedings to consider newly available evidence. The petition was denied. The court held that the arbitrator properly denied the petition because an arbitrator cannot redetermine an issue once a final award has been rendered. Id. at 733. In doing so, the McClatchy court opined on the limited scope of the functus officio doctrine, indicating that "an arbitrator can correct a mistake which is apparent on the face of his award, complete an arbitration if the award is not complete, and clarify an ambiguity in the award." Id. at 734 n. 1 (emphasis added). The court reasoned that recommitting an issue to the arbitrator for clarification and interpretation was not an "appeal to the arbitrator, a new trial, or an opportunity to relitigate the issue." Id.
 
 
 9
 Thus, contrary to the arguments of the Company in the present case, the Board did have authority to reopen the proceeding in order to clarify an ambiguity on the face of the award. See id. The issue before us on appeal is whether the Board overstepped its authority and did more than clarify an ambiguity in the award.
 
 
 10
 We agree with the district court that the Board overstepped its authority. The Board redetermined issues that had already been decided. For example, in the case of overtime guarantees, the Board initially ruled:
 
 
 11
 The existing Run and Time Requirements, Section 16, paragraph A.1 and paragraph A.2 shall be unchanged. Substituting a 40-hour guarantee and 40-hour overtime for the present daily guarantee of eight hours with overtime tolling after eight hours shall stand.
 
 
 12
 In the corrected award, the Board changed the above paragraph to read "... after eight hours shall not stand." The Board stated that the change was made to reflect its initial intention, which could be discerned by reading the two sentences together. Because the requirements listed in the first sentence remained unchanged, the overtime guarantees were also intended to remain unchanged.
 
 
 13
 We reject the Board's justification that the two sentences must be read together. The two sentences refer to different subjects. Only the second sentence deals with the topic of overtime pay for drivers. It answers the question of whether overtime pay will commence after an eight-hour day or whether it will commence after drivers have completed a forty-hour week. Insertion of the word "not" fundamentally changed the award on this issue. Because the Board had made and published a final award, its authority was exhausted and it was functus officio. See McClatchy, 686 F.2d at 734.
 
 
 14
 Next, in the case of the uniform allowance, the Board initially ruled: "Uniform allowance shall provide for $100 per year, plus $1.00 per week for cleaning." Because the initial award did not establish an effective date for the uniform allowance, the award had a "default" effective date of January 1, 1989. The corrected award stated "[t]he uniform allowance provision shall be effective as of January 1, 1990."
 
 
 15
 Although it is true that the initial award did not provide an express effective date for the uniform allowance, it did provide a default effective date. Contrary to that default date, the corrected award redetermined the effective date of the new uniform allowance. Consequently, we cannot say that the Board merely clarified an ambiguity in the award. To the contrary, the Board changed its award and gave the uniform allowance provision an express effective date. Because the Board redetermined the merits of this provision, the Board's corrected award concerning this provision was in violation of the functus officio doctrine. See McClatchy, 686 F.2d at 734.
 
 
 16
 The district court properly confirmed the initial award and vacated the corrected award. Its ruling confirming the initial award invalidates neither the Union's grievance arbitration of these issues nor the subsequent findings and conclusions made by the arbitrators. The operation of the functus officio doctrine does not limit the ability of the parties to grieve provisions of a controlling collective bargaining agreement.
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 San Diego Transit Corporation ("Company") argues that section 301 preempts Cal.Civ.Proc.Code §§ 1284 and 1286.6, citing Safeway Stores, Inc. v. Brotherhood of Teamsters, 147 Cal.Rptr. 835, 838 (Cal.Ct.App.1978) (ruling, in the context of judicial review of an arbitration award that, because California's arbitration statute had considerable substantive significance, federal law must be applied), and Lehto v. Underground Constr. Co., 138 Cal.Rptr. 419, 424-25 (Cal.Ct.App.1977) ("[I]n enforcing a federally created right through the application of federal substantive law, the state court may follow its own rules of procedure, unless those rules so subvert the federal right as to make it meaningless."). We agree that federal law controls the substantive issues before us. However, the cited cases do not hold that federal law conflicts with and therefore preempts Cal.Civ.Proc.Code §§ 1284 and 1286.6
 
 
 [2]
 The Company, relying on United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 40 (1987), argues that the USAA is not applicable here because it only governs the right to arbitrate disputes involving interstate and foreign transactions, not contracts of employment of workers involved in interstate commerce. Misco did note that the USAA does not directly apply to contracts of employment of workers engaged in foreign or interstate commerce. However, the Supreme Court also stated that federal courts often look to the law developed under the USAA for guidance in labor arbitration cases. The rationale is that section 301 empowers the federal courts to fashion rules of federal common law, from whatever source derived, to govern alleged violations of collective bargaining agreements. Id. at 40 n. 9