Filed 4/9/14  Shenanwood Development v. Cell-Cret CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SHENANWOOD DEVELOPMENT, INC., | B243625 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BS136236) |
| v. | |
| CELL-CRETE CORPORATION, | |
| Defendant and Respondent. | |
| _____ | |
| SHENANWOOD DEVELOPMENT, INC., | B245495 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BS136236) |
| v. | |
| JAIME ROZO GONZALEZ, | |
| Defendant and Respondent. | |

APPEAL from orders of the Superior Court of Los Angeles County, Terry A. Green, Judge.  Affirmed.

Bruce Altschuld for Plaintiff and Appellant.

Law Offices of David L. Brault, David L. Brault and Robert Lindkvist for Defendant and Respondent Cell-Crete Corporation.

Schwartz & Janzen and Noel E. Macaulay for Defendant and Respondent Jaime Rozo Gonzalez.

_____

## INTRODUCTION

In this consolidated action, Shenanwood Development, Inc. appeals from the order of the trial court denying its motion to vacate an arbitration award and instead granting the motions to confirm the award brought by defendants Cell-Crete Corporation and Jaime Rozo Gonzalez d/b/a Planet Stone (together defendants).  We discern no error and affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *The parties and the arbitration*

This action arose out of the construction of a four-story, 16-unit wood-framed apartment building in Los Angeles.  Shenanwood contracted with Cell-Crete to install lightweight concrete over the wood subfloor on the second through fourth levels of the building (the Floor Agreement).  Shenanwood separately contracted with Planet Stone to install, among other things, travertine tile over Cell-Crete's concrete floors (the Tile Agreement).  Construction commenced in 2006 and was completed in 2007.  After unsuccessfully requesting defendants repair some floor cracks, Shenanwood petitioned for arbitration seeking negligence damages, the cost of repair, delay damages, and compensation for lost sales revenue.  Planet Stone cross-claimed against Shenanwood.

### 2. *The clause at issue*

The Floor and Tile Agreements contained the following clause at section 29: "The parties shall equally share all costs and fees of arbitration, including arbitrator compensation.  *Any party who fails to pay his share of costs and fees when due pursuant to invoice from the arbitration tribunal shall suffer a default notwithstanding any rule to the contrary the arbitrator shall enter the default of such party upon application of the other party.  Following entry of default, such party shall not be permitted to present testimony and evidence in support of his claim or testimony and evidence in support of his defense*.  A party may be excused by the arbitrator from entry of default only upon a

2

satisfactory showing of excusable neglect made within 10 days following entry of default and after full payment of the arbitration fees and costs then due." (Italics added.)

Shenanwood's attorney Howard Goodman prepared section 29. Goodman declared he intended the clause to require Shenanwood and its subcontractors to timely remit required arbitration fees in any pending arbitration action when invoiced by the arbitration administrator or suffer either a default or dismissal. Goodman inserted the clause after a subcontractor failed to pay his share of the fees when invoiced and Goodman's client was required to pay those fees to obtain a hearing date.

3. *The proceedings*

Arbitration commenced in the spring of 2008. Shenanwood then repeatedly obtained postponements for over two years.

In June 2011, Shenanwood requested that the arbitrator enter the default of Planet Stone on the ground that the tile subcontractor had admitted it would not pay its fees. Planet Stone, a "mom-and-pop tile and marble installer," had run out of money. The tile subcontractor argued that Shenanwood had postponed the hearing to run up the costs, and when Planet Stone could no longer pay the fees, moved for default. Planet Stone asserted that "[i]n essence, Shenanwood filed an arbitration claim against Planet Stone, then refused to prosecute its claim until such time as Planet Stone was prevented from participating."

4. *The interim arbitration award dated November 2011*

In the November 2011 interim award, the arbitrator noted that Planet Stone's status in the arbitration proceeding was "at issue because of its failure to remit its required share of the arbitration fees." The arbitrator quoted from the JAMS Streamlined Arbitration Rules 26(b) that he "may preclude a Party that has failed to deposit its *pro-rata* or agreed-upon share of the fees and expenses from offering evidence of any *affirmative claim* at the Hearing." (Second italics added.) Acknowledging that Planet Stone's contract also required that a non-paying party " 'shall suffer a default . . . notwithstanding any rule to the contrary' " the arbitrator relied on JAMS' rules to preclude Planet Stone "from offering evidence of its claim for reimbursement

3

against Shenanwood, but no 'default' was entered and Planet Stone was permitted to attend the hearing to defend against Shenanwood's claims." The arbitrator ruled therefore, that Planet Stone was not "entitled to an award on its claim against Shenanwood for nonpayment of monies owed for work performed under the Tile Agreement."

Thereafter, on December 19, 2011, before the final award was released, Shenanwood moved for entry of default against Cell-Crete stating, "[i]t appears that Cell-Crete has not yet paid its final fees to JAMS."

Correspondence between Cell-Crete's attorneys and JAMS case coordinators on January 9 through 12, 2012 reveal that any delay on Cell-Crete's part to remit its payment was the fault of JAMS, who had issued Cell-Crete an incorrect invoice for a cost that had nothing to do with this case. The erroneous invoice created confusion over the correct amount due and prevented Cell-Crete's insurer from processing the payment. JAMS appeared to indicate to Cell-Crete's attorney on January 12, 2012, that it would send the corrected invoice to expedite payment and release of the award.

JAMS released the interim award on January 19, 2012. Therein, the arbitrator found against Shenanwood. The final award, issued in March 2012, incorporated all findings of the interim award and ordered Shenanwood to pay Planet Stone and Cell-Crete as prevailing parties $60,160.34 and $435,706 respectively in attorney fees and costs. The award makes no mention that Cell-Crete was defaulted.

Cell-Crete and Planet Stone separately petitioned the trial court to confirm the award. Shenanwood petitioned to vacate the award on the basis of section 29 of the Tile and Floor Agreements. In opposing Shenanwood's motion to vacate, Planet Stone argued, irrespective of the arbitrator's comments to the contrary, that it had been defaulted in fact because it was precluded from presenting any evidence on both its claim and defense, and its documents were submitted into evidence and its owner testified only because *subpoenaed and called by Shenanwood* and examined by Cell-Crete.

4

5. *The trial court's ruling grants the motions to confirm the award and denies the motion to vacate the award.*

With respect to Planet Stone's default, the court explained, by reference to the law of default prove-ups, that Planet Stone had actually been defaulted. The court ruled that the arbitrator properly allowed Planet Stone to appear but not to call witnesses in its case or in its defense and to dismiss Planet Stone's cross-complaint. However, the court ruled that the default did not amount to an admission of the allegations, and the arbitrator found that Shenanwood did not otherwise prove up its case.

As for Cell-Crete, the court noted that the subcontractor did pay its arbitration fees, although late. The court reached the conclusion Cell-Crete paid because JAMS refused to release the award until Cell-Crete paid, and the award was released a month after the correspondence about the bill. The court agreed with the arbitrator's decision to allow Cell-Crete to participate, noting that "it would be an unjust result if Cell-Crete were deemed not able to participate after paying all their fees simply because the fees were tardy." The court found that the arbitrator's interpretation of section 29 and rule 26 was rational and confirmed the award.

## CONTENTIONS

Shenanwood contends the award must be vacated because the arbitrator exceeded his powers as defined by section 29 of the Tile and Floor Agreements because the arbitrator failed to properly default defendants.

## DISCUSSION

The arbitrator's powers " 'derive from, and are limited by, the agreement to arbitrate. [Citation.]' " (*Kelly Sutherlin McLeod Architecture, Inc. v. Schneickert* (2011) 194 Cal.App.4th 519, 528-529 (*Kelly Sutherlin*); accord, *Gueyffier v. Ann Summers, Ltd.* (2008) 43 Cal.4th 1179, 1184-1185 (*Gueyffier*).) The parties may contract, or in the submission to arbitration, explicitly and unambiguously limit the arbitrator's broad powers. (*Gueyffier, supra*, at p. 1185.)

"On petition of a party to an arbitration [citations], the superior court is to vacate an arbitrator's award if '[t]he arbitrators exceeded their powers and the award cannot be

5

corrected without affecting the merits of the decision upon the controversy submitted.' ([Code Civ. Proc.,] § 1286.2, subd. (a)(4).)" (*Gueyffier*, *supra*, 43 Cal.4th at p. 1184.) However, " ' "[a]lthough [Code of Civil Procedure] section 1286.2 permits the court to vacate an award that exceeds the arbitrator's powers, the deference due an arbitrator's decision on the merits of the controversy requires a court to refrain from substituting its judgment for the arbitrator's in determining the contractual scope of those powers. [Citations.]" [Citation.]' " (*Kelly Sutherlin*, *supra*, 194 Cal.App.4th at pp. 528-529.)

We review the trial court's determination whether an arbitrator exceeded his powers de novo and give substantial deference to the arbitrator's own assessment of his contractual authority. (*Kelly Sutherlin*, *supra*, 194 Cal.App.4th at p. 528.)

Shenanwood contends that the arbitrator exceeded his powers because he did not enter the default of either Planet Stone or Cell-Crete. Shenanwood takes issue with the arbitrator's and the trial court's construction of the word "default" in the Agreements' section 29. Shenanwood argues that the arbitrator should not have "permitted the non paying subcontractors to continue to participate in the arbitration proceedings." Shenanwood reasons that the effect of the entry of defendants' default would be to cut off their right to appear at all in the action: " 'The defendant is "out of court" ' " and has no right, Shenanwood argues, to participate in the arbitration until either its default is set aside or default judgment is entered. Not so.

Section 29 sets forth very specific and restricted consequences of a default: "Following entry of default, such party *shall not be permitted to present testimony and evidence in support of his claim or testimony and evidence in support of his defense*." (Italics added.) Section 29 *does not provide* that a defaulting party shall be dismissed or precluded from appearing and "participating" in the proceedings. Section 29 *does not provide* that a default operates retroactively to preclude participation that occurred prior to the default, or that it constitutes an admission of the allegations in the petition. This clause says nothing about a defaulting party being "out of court," as Shenanwood insists. "The construction of the subject provision was a question of law for the arbitrator; and the fact that a different construction was possible does not empower a

6

court to vacate the award. . . . 'It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his.' [Citation.]" (*Safeway Stores, Inc. v. Brotherhood of Teamsters* (1978) 83 Cal.App.3d 430, 438.) As we explain, the arbitrator's construction and application of section 29 is not completely irrational. (*Ibid.*)

Turning to Planet Stone, while the arbitrator stated it did not default the tile subcontractor, he nonetheless forbade Planet Stone to produce evidence and testimony in support of its claim. As Shenanwood does not dispute and hence implicitly acknowledges, Planet Stone was also prevented from putting on a defense. This was so, notwithstanding the arbitrator's comment that Planet Stone was "permitted to . . . defend against Shenanwood's claims" and his citation to JAMS rule 26. The record shows that Planet Stone's representative only appeared as a witness *called by Shenanwood* and examined by Cell-Crete. Otherwise, Planet Stone put on *no* evidence of its claim or defense. Therefore, Planet Stone suffered *de facto default* as contemplated by section 29 of the Tile Agreement. The arbitrator did not exceed his authority.

In support of its view that the arbitrator exceeded his powers, Shenanwood points to the arbitrator's citation to JAMS rule 26. Shenanwood argues the Tile Agreement precluded reference to JAMS rules as the Agreements read "notwithstanding any rule to the contrary the arbitrator shall enter the default of such party . . . ." We conclude the result here would have been the same even had the arbitrator actually declared Planet Stone to be in "default" under section 29 of the Tile Agreement. Reading the entire award, it shows that the arbitrator concluded that Shenanwood did not prove its case. The arbitrator found that "Shenanwood has failed to prove that the damage was caused by the actions or omissions of either Cell-Crete or Planet Stone based on any of the theories presented – rather, the evidence suggests that that [*sic*] the cracking was more likely *caused by a structural issue*." (Italics added.) Stated differently, even had the arbitrator in fact declared Planet Stone defaulted pursuant to section 29, the outcome would not be any different. This is so because Planet Stone did not adduce any evidence on behalf of

7

its claim or defense, a default is not an admission of the claim's allegations, and the arbitrator concluded that the damage was caused by a structural problem, not by defendants. That determination is immune to judicial review. " '[A]n arbitrator's decision is not generally reviewable for errors of fact or law, whether or not such error appears on the face of the award and causes substantial injustice to the parties.' [Citations.]" (*California Statewide Law Enforcement Assn. v. Department of Personnel Administration* (2011) 192 Cal.App.4th 1, 13.) Neither the arbitrator nor the trial court erred as to Planet Stone.

Turning to Cell-Crete, Shenanwood argues that the arbitrator exceeded its authority because he was "duty bound [*sic*]" to enter Cell-Crete's default. Shenanwood is wrong. Section 29 of the Floor Agreement requires the arbitrator to enter the default of a party "who fails to pay his share of costs and fees *when due pursuant to invoice from the arbitration tribunal . . . .*" (Italics added.) Shenanwood's December 19, 2011 letter to the arbitrator stated simply that "It *appears* that Cell-Crete has not yet paid its final fees to JAMS." (Italics added.) This letter makes no showing when Cell-Crete's final fee to JAMS came due.

Rather, the record shows that a final invoice from JAMS was incorrect because it applied to another case. The discrepancy was not corrected until mid-January 2012 when a new invoice was issued. We infer from the release of the interim award on January 19, 2012, that Cell-Crete paid the corrected invoice. Thus, there is no indication that Cell-Crete's default was ever required and so there is no indication the arbitrator was duty bound to enter it. Even had the arbitrator entered Cell-Crete's default in December 2011, the outcome would have been the same. As we have analyzed, Cell-Crete's section 29 default in December 2011 when Shenanwood requested it, *after the interim award was completed*, would not constitute an admission of Shenanwood's allegations and would not retroactively preclude Cell-Crete's participation before December 2011. By the time Shenanwood requested Cell-Crete's default, Cell-Crete had already adduced its evidence and the proceedings had already come to an end. Neither the arbitrator nor the trial court erred with respect to Cell-Crete.

8

DISPOSITION

The orders are affirmed.  Costs are awarded to defendants.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**




ALDRICH, J.



We concur:




KLEIN, P. J.




CROSKEY, J.


9